UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| VANESSA DAVIS, <br><br> Plaintiff, <br><br> vs. <br><br> BUDGET CONTROL SERVICES, INC. <br><br> Defendant, | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

VANESSA DAVIS, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against BUDGET CONTROL SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Vanessa Davis an individual consumer, against defendant Budget Control Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Vanessa Davis is a consumer, a natural person allegedly obligated to pay any debt, residing in Jefferson County, in the state of Colorado.

4. Defendant, Budget Control Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Arapahoe County at 2950 South Jamaica Court, Suite 200, Aurora, Colorado 80014. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment; specifically concerning a medical debt.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in December of 2010.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant both lied to and misled Plaintiff, through false, or at the very least misrepresentative statements, by threatening Plaintiff that she had until the 30th of March to cede to Defendant's demand for payment or action would be taken against her, as well threatening Plaintiff with the commencement of litigation against her, stating, "You need to pay at least half of this by the 30th or $100.00 by the 30th or we will have to take you to court and pay all of the court costs[.]" The latter threat was made by an agent who identified herself as 'Jannette' who called around 2 o'clock postmeridian, pacific standard time on or around March 31, 2011.

10. Upon information and belief, to date, Defendant has not taken any final definite action to commence litigation against Plaintiff, and does not have the legal standing to do so.

11. During collection attempts, Defendant called Plaintiff's cousin, who is a third party to the alleged debt, at 1-303-870-6618, and alerting him to Plaintiff's alleged debt without Plaintiff's consent.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to Plaintiff, as well as by contacting Plaintiff's cousin, who is a third party to the alleged debt, and alerting him to the alleged debt without Plaintiff's consent.

13. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed and embarrassed.

## FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(b) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(e) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Vanessa Davis for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the Colorado Fair Debt Collection Practices Act (hereinafter "CFDCPA"). Defendant's violations include, but are not limited to the following:

(a) Defendant violated *§12-14-107(1)(d)* of the CFDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt; and

(b) Defendant violated *§12-14-107(1)(e)* of the CFDCPA by threatening to take action that it did not intend to take.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the above violations of the CFDCPA, Defendant is liable to plaintiff Vanessa Davis for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Budget Control Services, Inc. for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of the CFDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to Colo. Rev. Stat. § 12-14-113.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k. and Colo. Rev. Stat. § 12-14-113.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff VANESSA DAVIS demands trial by jury in this action.

This 14th day of September, 2011.

By: _/s/ Alex Simanovsky_
Alex Simanovsky, Esq.
Attorney for Plaintiff
[Admitted to the District of CO Bar]
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
678-781-1012